UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA,**

v.                              CRIMINAL NO. 2:11-cr-64-1

**TERRELL LEE NICHOLSON,**

   **Defendant.**

## OPINION

This matter comes before the court on Defendant's pro se Motion for Compassionate Release filed on December 6, 2024. ECF No. 114 ("Motion" or "Motion for Compassionate Release"). For the reasons explained below, Defendant's Motion is **DENIED**.

### I. Procedural History

On June 27, 2011, Defendant pled guilty to Counts One and Four of a multicount Indictment. ECF Nos. 1 at 1 (Indictment); 42 at 1 (Plea Agreement). Count One charged Defendant with conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846. ECF No. 1 at 1-2. Count Four charged Defendant with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1) and 2. Id. at 5.

On September 23, 2011, the court sentenced Defendant to a total term of two hundred sixty-two (262) months imprisonment. ECF No. 60 at 2 (Judgment). This term was comprised of two hundred

(200) months on Count One, and sixty-two (62) months on Count Four, to be served consecutively. Id. Defendant was also sentenced to a five (5) year term of Supervised Release on both counts, to be served concurrently. Id. at 3. This sentence represented the low end of Defendant's Guideline range of two hundred sixty-two (262) to three hundred twenty-seven (327) months incarceration. ECF No. 58 at 41 (Presentence Investigation Report ("PSR")).

Defendant filed his Motion for Compassionate Release on December 6, 2024. ECF No. 114. On December 9, 2024, the court directed the United States to respond within sixty (60) days. ECF No. 115. On February 5, 2025, the court granted the United States' request for an extension to file its Response on or before March 10, 2025. ECF Nos. 117 (Motion for Extension of Time); 118 (Order Granting Motion). The United States filed its Response in Opposition on March 10, 2025. ECF No. 119. On April 1, 2025, the United States filed an Amended Response correcting a clerical error. ECF No. 120. Defendant had thirty (30) days to Reply, with the Reply due on May 1, 2025. See ECF No. 115 at 2 (Order Directing United States to Respond). Defendant did not file a Reply. Accordingly, the matter is now ripe for judicial determination.

## II. Motion for Compassionate Release

Generally, a sentencing court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, Congress created an exception, commonly known as

"compassionate release," that allows a court to reduce a defendant's sentence if certain conditions are met.[1] The court must first determine "whether extraordinary and compelling reasons warrant such a reduction." United States v. Malone, 57 F.4th 167, 173 (4th Cir. 2023). If so, the court may then grant a sentence reduction, but only if "the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." Id. The court must conduct this analysis in two (2) discrete steps. See United States v. Centeno-Morales, 90 F.4th 274, 279 (4th Cir. 2024).

### A. Extraordinary and Compelling Reasons

In evaluating whether Defendant has presented an "extraordinary and compelling" reason, the court's findings must be "consistent with" the Policy Statement contained in United States Sentencing Guidelines ("U.S.S.G.") Section 1B1.13. See 18 U.S.C. § 3582(c)(1)(A). The Policy Statement list several reasons which qualify as "extraordinary and compelling." See U.S.S.G. §§ 1B1.13(b)(1)-(6). Defendant must therefore show an "extraordinary and compelling" reason under this framework. See United State v. Hart, 2024 WL 3974230, at *2 (E.D. Va. Aug. 28, 2024) (Trenga, J.) ("[A] defendant seeking a modification of his

---

[1] The United States concedes that Defendant has met the threshold exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). ECF No. 120 at 5; see United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021) (finding that the exhaustion requirement "is a non-jurisdictional claim-processing rule" that the United States may waive or forfeit).

or her sentence must identify one or more of the enumerated extraordinary and compelling reasons [in the Policy Statement] as a basis for release.").

Defendant makes two (2) principal arguments for a sentence reduction. First, Defendant avers that he would no longer be sentenced as a Career Offender given intervening changes in the law. Second, he argues that his rehabilitation is "extraordinary and compelling." The court will address each argument in turn.

### 1. Career Offender Enhancement

Defendant argues that based on intervening changes in the law, he no longer qualifies for the Career Offender Guideline. The Career Offender Guideline applies if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;
>
> (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
>
> (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (emphasis added). If the Guideline applies, the defendant is sentenced according to U.S.S.G. Sections 4B1.1(b)-(c), rather than the Sentencing Table contained in

4

U.S.S.G. Chapter 5, Part A. This often results in a lengthier Guideline range than would otherwise apply.[2]

At sentencing, Defendant met the criteria for a Career Offender. See PSR ¶ 63. Defendant was thirty-one (31) years old at the time of his offense. See id. at 2-3. Defendant's instant offense was for conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846, which was a "controlled substance offense" at the time. See ECF No. 60 at 1; United States v. Robinson, 390 F.3d 833, 834 (4th Cir. 2004) (pre-Norman case holding that conspiracy to distribute in violation of 21 U.S.C. § 846 is a "controlled substance offense"). Lastly, Defendant had sustained two (2) or more prior convictions for "controlled substance offenses." See PSR ¶¶ 49, 51. However, Defendant argues that based on the Fourth Circuit decisions in United States v. Norman, 935 F.3d 232 (4th Cir. 2019), and United States v. Jackson, 2023 WL 2852624 (4th Cir. Apr. 10, 2023), he would not be a Career Offender if sentenced today. The court will address his argument under Norman and Jackson below.[3]

---

[2] For example, if Defendant had been sentenced based on his offense level of 31 and criminal history category of VI, rather than as a Career Offender, his Guideline range would have been one hundred eighty-eight (188) to two hundred thirty-five (235) months, rather than two hundred sixty-two (262) to three hundred twenty-seven (327) months. See PSR at 41; U.S.S.G. Ch. 5, Part A, Sentencing Table.

[3] Defendant briefly argues that based on the "drug amount alleged in the drug conspiracy indictment, the statutory penalty

5

At a threshold level, Defendant's argument that he would receive a lesser sentence under current law is subject to the requirements of U.S.S.G. Section 1B1.13(b)(6). This provision holds that a change in the law is "extraordinary and compelling" if, but only if: (1) "a defendant received an unusually long sentence," (2) the defendant "has served at least 10 years" of that sentence, (3) there has been a "change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive)," and (4) "such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6); see id. § 1B1.13(c) ("Except as provided in subsection (b)(6), a change in the law . . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement."). Here, the court will evaluate Defendant's claims under this standard, focusing on whether the fourth element, "gross disparity," is met.

---

range for [Defendant's] drug offense would fall from 10 to life, to 0-20 years of imprisonment." ECF No. 114 at 5. This is mistaken. Defendant's conviction for conspiracy to possess with intent to distribute twenty-eight (28) grams or more of a mixture containing cocaine base, under 21 U.S.C. § 846, carried a statutory penalty range of five (5) to forty (40) years at the time of Defendant's sentencing. See PSR at 1. This range has not changed. See 21 U.S.C. § 841(b)(1)(B)(iii). Moreover, Defendant was only sentenced to two hundred (200) months on this count. See ECF No. 60 at 2. Thus, Defendant's argument that the statutory range is capped at twenty (20) years is without merit.

6

### a. United States v. Norman

Defendant argues that <u>United States v. Norman</u>, 935 F.3d 232 (4th Cir. 2019), "[held] that [a] 21 U.S.C § 846 drug conspiracy conviction is not categorically a controlled substance offense for purposes of U.S. Sentencing Guidelines Manual § 4B1.2(b)." ECF No. 114 at 5. Defendant is correct that after <u>Norman</u>, his conspiracy conviction under 21 U.S.C. § 846 no longer qualifies as a "controlled substance offense." See <u>Norman</u>, 935 F.3d at 239. However, this does not affect Defendant's Career Offender designation.

As stated earlier, to qualify as a Career Offender, the "instant offense of conviction [must be] a felony that is either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(2).[4] While Defendant's conviction under 21 U.S.C. § 846 is no longer a "controlled substance offense," Defendant was also convicted of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1) and 2. ECF No. 60 at 1. The application notes to the Career Offender

---

[4] <u>Norman</u> would not affect the other elements of the Career Offender designation. It obviously would not alter Defendant's age at the time of his offense. But more importantly, Defendant's prior felony convictions for "controlled substance offenses" were for possession with intent to distribute cocaine, and four (4) counts of distribution of heroin. See PSR ¶¶ 49, 51, 63; U.S.S.G. § 4B1.1(a)(3). These are not conspiracy convictions like in <u>Norman</u>, and are still "controlled substance offenses." See <u>infra</u> Part II.A.1.b. at 10-11.

7

Guideline provide that: "A violation of 18 U.S.C. § 924(c) or § 929(a) is a 'crime of violence' or a 'controlled substance offense' if the offense of conviction established that the underlying offense was a 'crime of violence' or a 'controlled substance offense.'" U.S.S.G. § 4B1.2 Application Note 1.

When determining which offense "underlies a § 924(c) conviction obtained by a guilty plea, the court looks to the critical record documents like the indictment and the plea colloquy." United States v. Fulks, 120 F.4th 146, 161 (4th Cir. 2024) (citation omitted) (cleaned up). Here, the indictment is unambiguous: the underlying offense for Defendant's conviction on Count Four under 18 U.S.C. § 924(c)(1) was possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). ECF No. 1 at 5 (Indictment); see United States v. Watson, 2024 WL 4345296, at *1 (4th Cir. Sept. 30, 2024) (unpublished) (per curiam) (finding that "a federal conviction for distribution of, or possession with intent to distribute, a controlled substance pursuant to 21 U.S.C. § 841(a)(1) categorically qualifies as a controlled substance offense" (citing United States v. Groves, 65 F.4th 166, 174 (4th Cir. 2023))). The plea colloquy is similarly clear, as Defendant pleaded guilty to "possess[ing] a firearm in furtherance of . . . a drug trafficking crime . . . , that is, possession with intent to distribute cocaine

8

base." ECF No. 121 at 18-19 (Plea Colloquy Transcript).[5] Moreover, the Statement of Facts, filed in open court under oath at the plea colloquy, further supports this conclusion. See ECF No. 43 at 2 (Statement of Facts) ("The 103g of cocaine-base were possessed by Nicholson and Welch [Defendant's codefendant] and they intended to

---

[5] The transcript from Defendant's plea colloquy was not prepared and docketed at the time. No appeal or collateral proceeding was ever filed. This Motion for Compassionate Release, filed on December 6, 2024, was the first pleading filed in the case since the Judgment in 2011. See ECF Nos. 60 (Judgment); 114 (Motion). When it became apparent that the plea colloquy was relevant to Defendant's Motion, the court requested that the original record be produced by the clerk and that the transcript be prepared in accordance with 28 U.S.C. § 753(b), which provides, in relevant part:

> The reporter or other individual designated to produce the record shall attach [her] official certificate to the original shorthand notes or other original records so taken and promptly file them with the clerk who shall preserve them in the public records of the court for not less than ten years.
>
> The reporter or other individual designated to produce the record shall transcribe and certify such parts of the record of proceedings as may be required by any rule or order of court, including all arraignments, pleas, and proceedings in connection with the imposition of sentence in criminal cases . . . . Upon the request . . . of a judge of the court, the reporter or other individual designated to produce the record shall promptly transcribe the original records of the requested parts of the proceedings and attach to the transcript [her] official certificate, and deliver the same to the party or judge making the request.
>
> The reporter or other designated individual shall promptly deliver to the clerk for the records of the court a certified copy of any transcript so made.

Id. A certified copy of the transcript was filed on the case docket on June 13, 2025. ECF No. 121.

9

distribute the drugs for profit. Nicholson possessed the .22 caliber Sig Sauer and utilized it to further his drug business.").

Accordingly, Defendant's conviction under 18 U.S.C. § 924(c)(1) still qualifies as a "controlled substance offense." See United States v. Wheeler, 2021 WL 4248087, at *5 n.5 (W.D.N.C. Sept. 17, 2021) ("[Defendant's] § 924(c) conviction for using and carrying a firearm in furtherance of a drug trafficking offense, namely, possession with intent to distribute cocaine base, still qualifies as a 'controlled substance offense' triggering the career offender guideline, even if his § 846 conspiracy conviction does not."). For this reason, Defendant would still be sentenced as a Career Offender and Norman does not create a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6).

### b. United States v. Jackson

Defendant also argues that the Career Offender enhancement would no longer apply after the Fourth Circuit's decision in United States v. Jackson, 2023 WL 2852624 (4th Cir. Apr. 10, 2023) (unpublished). In Jackson, the sentencing court found that the defendant's previous convictions for "distribution" of crack cocaine under South Carolina law qualified as "controlled substance offenses." See Jackson, 2023, WL 2852624, at *1-2. The Fourth Circuit reversed this determination, finding that because "distribution," as defined under South Carolina law, included the

10

inchoate offense of "attempted transfer," it was not a "controlled substance offense." Id. at *3. The court based this determination on its previous decision in United States v. Campbell, which held that "§ 4B1.2's definition of 'controlled substance offense' doesn't include 'an attempt to deliver a controlled substance.'" Id. (quoting United States v. Campbell, 22 F.4th 438, 442 (4th Cir. 2022)).

Construing Defendant's argument liberally, the court examines whether Defendant's predicate state offenses still qualify as "controlled substance offenses" after the court's decisions in Campbell and Jackson. Defendant was convicted on one (1) count of possession of cocaine with intent to distribute and four (4) counts of distribution of heroin, all in violation of Virginia Code Section 18.2-248. See PSR ¶¶ 49, 51; see also Norfolk Circuit Court Case Nos. CR02004617-00; CR02004942-00, -01, -02, -04. However, even after Campbell and Jackson, the Fourth Circuit has found that Defendant's argument is "foreclosed by United States v. Ward, 972 F.3d 364, 374 (4th Cir. 2020), which held that convictions under [Va. Code] § 18.2-248 'categorically qualify under the ordinary meaning of "controlled substance offense" in § 4B1.2(b).'" United States v. Childress, 2025 WL 25850, at *2 (4th Cir. Jan. 3, 2025) (unpublished) (per curiam). Accordingly, neither Campbell nor Jackson would prevent Defendant from being designated a Career Offender if sentenced today.

11

## 2. Rehabilitation

Defendant also cites his rehabilitation as an "extraordinary and compelling" reason for a sentence reduction. See ECF No. 114 at 4. Defendant represents that he has been a "model inmate." Id. He notes that he has sustained few disciplinary infractions and has completed various coursework while incarcerated. Id.

Defendant has shown signs of rehabilitation. His recent disciplinary record is encouraging, especially given his extensive criminal history. Defendant's most serious disciplinary infraction occurred over a decade ago in 2012, when he was reprimanded for "assaulting [without] serious injury." ECF No. 114-3 at 3. The details of this event are unclear from the report, and neither party sheds light on them. Since that time, Defendant has been reprimanded for phone abuse in 2015 and being absent from assignment in 2015 and 2019. Id. The lack of any disciplinary infractions in the past five (5) years is a promising sign of Defendant's rehabilitation. Also to Defendant's credit is his completion of various coursework and a consistent record of employment while incarcerated. See ECF No. 114-2 at 2 (coursework); 114-4 at 2 (work history).

But while the court commends Defendant for bettering himself while incarcerated, the Guidelines mandate: "Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy

12

statement." U.S.S.G. § 1B1.13(d). Moreover, even when considered in conjunction with Defendant's other stated reasons, his good, but not great, record of rehabilitation falls short of "extraordinary and compelling." See United States v. Burale, 2022 WL 1439663, at *6-7 (E.D. Va. May 6, 2022) (Smith, J.) (finding defendant satisfied "baseline expectation[s]" by completing twenty (20) educational courses, having a job while incarcerated, completing a drug education program, and having no disciplinary infractions for several months). Rather than being "extraordinary and compelling," Defendant is merely doing "'the things that prisoners are supposed to do' while incarcerated." Id. at *6 (citing United States v. Logan, 532 F. Supp. 3d 725, 735 (D. Minn. 2021)). For these reasons, the court does not find that Defendant's rehabilitation, or any of his other arguments, either alone or together, present an "extraordinary and compelling" reason for a sentence reduction.

### B. Section 3553(a) Factors

Since Defendant has not provided an extraordinary and compelling reason justifying relief, the court need not reach the 18 U.S.C. § 3553(a) sentencing factors. See, e.g., United States v. Venable, 2025 WL 950396, at *4 n.3 (E.D. Va. Mar. 28, 2025) (Nachmanoff, J.). However, the court elects to briefly address the most relevant § 3553(a) factors to underscore why relief would be inappropriate. See United States v. Jenkins, 22 F.4th 162, 170

13

(4th Cir. 2021) ("A district court need not provide an exhaustive explanation analyzing every § 3553(a) factor . . . . [J]ust how much of an explanation is required depends on the narrow circumstances of the particular case.").

The court first considers the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Defendant's offense was serious. He conspired with another to distribute cocaine base and was armed when doing so. See PSR ¶¶ 7-15. His criminal history is even more concerning. Defendant accumulated eighteen (18) criminal history points and was assigned a criminal history category of VI, the highest in the federal system. Id. at 40. He did all of this by the age of thirty-two (32) years old. Id. at 2. Indeed, a review of his record reveals a nearly continuous pattern of escalating criminal behavior culminating in the instant offenses. Id. at 37-39. While the court credits Defendant for his rehabilitation, this is not enough to overcome the seriousness of his offense and his severe criminal history. For these reasons, 18 U.S.C. § 3553(a)(1) disfavors a sentence reduction.

The court also considers:

(2) the need for the sentence imposed—

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

14

>(B) to afford adequate deterrence to criminal conduct;
>
>(C) to protect the public from further crimes of the defendant; and
>
>(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(2). Subsections (A), (B), and (C) cut against a sentence reduction. The seriousness of Defendant's crime cannot be overlooked. See 18 U.S.C. § 3553(a)(2)(A). But perhaps the most poignant factors are the need for deterrence and to protect the public. See 18 U.S.C. §§ 3553(a)(2)(B)-(C). In 2003, Defendant was convicted in state court on one (1) count of possession of cocaine with intent to distribute, and four (4) counts of distribution of heroin. See PSR ¶¶ 49, 51. On June 13, 2003, Defendant was sentenced to five (5) years incarceration for these offenses, which he served consecutively with his sentences on unrelated charges. Id. He was released from custody on March 3, 2010. Id. Despite being incarcerated for nearly seven (7) years, Defendant began distributing cocaine base on August 23, 2010, less than six (6) months after his release from custody. Id. ¶ 10. Given this history, the court has serious concerns that reducing Defendant's sentence at this juncture would not deter him from future criminal acts. Moreover, while Defendant's describes his crimes as "non-violent," this does not mean they did not harm the public.

15

Distributing narcotics into one's community has obvious negative public effects that the court need not enumerate. Accordingly, the factors listed under 18 U.S.C. §§ 3553(a)(2)(A)-(C) do not support a sentence reduction.

The court next examines "the kinds of sentences available" and "the sentencing range established for" Defendant's offense. §§ 3553(a)(3)-(4). As previously discussed, Defendant would still qualify as a Career Offender under current law. See supra Part II.A.1. at 4-11. His sentence of two hundred sixty-two (262) months incarceration lies at the low end of his Career Offender Guideline range. See PSR at 41. As the "Guidelines range 'anchor[s]' the sentencing proceeding" and is "the benchmark" for selecting an appropriate sentence, §§ 3553(a)(3) and (4) do not support reducing Defendant's sentence. Concepcion v. United States, 597 U.S. 481, 498 n.6 (2022) (quoting Peugh v. United States, 569 U.S. 530, 541 (2013)). For this reason and those stated above, Defendant's sentence remains "sufficient, but not greater than necessary," to achieve the objectives of 18 U.S.C. § 3553(a).

### III. Conclusion

Defendant has not shown legal or factual justification for compassionate release, nor "extraordinary or compelling" circumstances to so justify. Accordingly, for the foregoing reasons, Defendant's Motion for Compassionate Release, ECF

16

No. 114, is **DENIED**. The Judgment entered on September 23, 2011, ECF No. 60, remains in full force and effect.

The Clerk is **DIRECTED** to forward a copy of this Opinion to Defendant, the United States Attorney at Norfolk, and the Bureau of Prisons.

**IT IS SO ORDERED.**

/s/ Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

June 20, 2025

17